IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert and Linda Mason,<br><br>    Plaintiffs,<br><br>vs.<br><br>American Family Mutual Insurance Company,<br><br>    Defendant. | No. 04-1795-PCT-ECV<br><br>**ORDER** |

Pending before the court is Defendant's Motion to Amend Answer and Assert Counterclaim (Doc. #44). Defendant claims that Plaintiffs engaged in fraudulent conduct with respect to their claim for coverage under their homeowner's insurance policy. Defendant contends that it only recently learned of the fraudulent conduct through depositions and documents obtained from a subpoena. Plaintiffs argue that Defendant's motion is untimely, would create an undue delay, and is futile.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend a pleading] shall be freely given when justice so requires." However, the policy toward permitting liberal amendment of pleadings "must be tempered with considerations of 'undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" <u>Schlacter-Jones v.</u>

1  General Telephone, 936 F.2d 435, 443 (9th Cir. 1991) (quoting Foman v. Davis, 371 U.S.
2  178, 182 (1962)). "The following factors guide a court's determination of whether a motion
3  to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and
4  (4) prejudice to the opposing party." Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir.
5  1997).

6      Plaintiffs first contend that Defendant's motion must be denied because it was filed
7  nearly nine months after the deadline set in the scheduling order. If the basis for Defendant's
8  motion was known before the deadline in the scheduling order and Defendant simply
9  neglected to file a timely motion, the court would likely agree with Plaintiff. Here, however,
10 Defendant did not learn about the sale of the property and other relevant information until
11 Plaintiffs' depositions in March 2006. Defendant then issued a subpoena for documents
12 pertaining to the sale and received those documents in May 2006. Defendant filed the instant
13 motion on June 1, 2006. The court finds that Defendant sought to amend within a reasonable
14 time of discovering the basis for the proposed amendment. The court has the authority to
15 modify its own deadlines where appropriate and finds that it is appropriate here.

16     Plaintiffs next contend that an amended answer and counterclaim at this stage would
17 greatly expand the scope of the issues in the case and cause an undue delay. Defendant
18 asserts in its reply, however, that any additional depositions can be completed before the
19 current discovery deadline. Even if the additional discovery creates a slight delay, the court
20 finds that such a delay is not "undue" and is warranted to explore the issue raised by
21 Defendant. Similarly, while the court agrees that the counterclaim will expand the scope of
22 issues in the case, the seriousness of the allegation justifies the expansion.

23     Finally, Plaintiffs argue that an amended answer and counterclaim alleging fraudulent
24 conduct would be futile. They claim that the facts fail to support an allegation of fraud.
25 However, after reviewing the factual assertions by both parties and the documentary evidence
26 in support of those assertions, the court cannot say that permitting a counterclaim alleging
27 fraud and misrepresentation would be futile. Defendant has alleged facts that, if true, may
28

support such a claim. In addition, Defendant has not sufficiently demonstrated that the statute of limitations would render Defendant's counterclaim futile.

Based on the strong policy of permitting liberal amendment of pleadings and the absence of any significant factors weighing against amendment in this case, the court concludes that the motion should be granted. Defendant will be permitted to file a signed version of the Proposed Amended Answer and Counterclaim attached to its motion to amend.

**IT IS THEREFORE ORDERED:**

That Defendant's Motion to Amend Answer and Assert Counterclaim (Doc. #44) is **granted**; and

That an Amended Answer and Counterclaim must be filed on or before Tuesday, August 1, 2006.

DATED this 25th day of July, 2006.

Edward C. Voss
United States Magistrate Judge